SMITH *v.* SMITH.

1. DIVORCE—CRUELTY—SUFFICIENCY OF EVIDENCE.
   In wife's suit for divorce on ground of cruelty, evidence *held,* sufficient to justify decree in plaintiff's favor.

2. SAME—ALIMONY—DIVISION OF PROPERTY.
   Divorce decree awarding wife custody of three children, giving her household goods and homestead burdened with $3,000 mortgage, changing ownership of oil station from tenancy by entireties to tenancy in common, and ordering husband to pay wife $1,500 and $30 per month toward support of children, leaving husband with small equity in another house and full ownership of another oil station, *held,* fair and proper, under evidence.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 19, 1933. (Docket No. 159, Calendar No. 37,045.) Decided April 4, 1933.

Bill for divorce by Ruth M. Smith against George H. Smith. Cross-bill for divorce by defendant. Decree for plaintiff. Defendant appeals. Affirmed.

*Cummins & Cummins* and *Clyde V. King,* for plaintiff.

*John F. Berry,* for defendant.

BUTZEL, J. Ruth M. Smith filed a bill for absolute divorce from George H. Smith, on the ground of cruelty. He denied the charges, and in a cross-bill charged her with refusal to cohabit and failure to perform other marital duties. After taking considerable testimony, the judge rendered a decree in her favor.

The testimony established the baselessness of defendant's charges, except as to those actions of plaintiff that were justified by defendant's conduct. It showed that defendant remained away from plaintiff's bedside for the 36 hours following the birth of their youngest child, and then when he saw her he upbraided her for having the child; that he insisted upon keeping the radio going long after reasonable hours, when the plaintiff and the children were trying to rest, and that he had insisted that it be kept going even when he absented himself from home; that he constantly referred to her in an insulting manner; and that he was guilty of other acts of cruelty towards her and the children, the details of which it is unnecessary to discuss.

In the decree, the trial judge awarded plaintiff the custody of the children, aged 12, 11, and 7, respectively. He gave her the household goods and effects and also the homestead, burdened with a mortgage of $3,000 running to defendant's father. (See *Smith v. Smith, ante,* 60.) He also decreed that the tenancy by the entireties in an oil station property near East Lansing, Michigan, rented for $100 per month, should hereafter be a tenancy in common; that defendant further pay plaintiff $1,500, which, until paid, should be a first lien on defendant's interest as tenant in common of the oil station property. He further ordered defendant to pay $30 a month towards the support of the children. This left defendant with a small equity in another house in Lansing and the full ownership of another oil station property in the same city, not as valuable at the present time as the one in East Lansing.

We believe the decree is fair and proper and fully sustained by the evidence. In coming to this conclusion, we are not unmindful of the fact that plaintiff

has inherited from her father an 80-acre farm near Williamston, Michigan, as well as a small amount of personal property.

The decree is affirmed, with costs to plaintiff. ·

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.